**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb@uscourts.gov

| | |
|---|---|
| **IN RE:  KENNETH RAY JOYNER,** | Case No.   8:24-bk-04945-CPM |
| Debtor | Chapter   7 |
| ------------------------------------------------------/ | |
| **MARY IDA TOWNSON,** | |
| **THE UNITED STATES TRUSTEE** | |
| **FOR REGION 21,** | |
| Plaintiff, | |
| v. | Adv.Proc.No.:   8:24-ap-_____ |
| | |
| **KENNETH RAY JOYNER,** | |
| Defendant. | |
| ------------------------------------------------------/ | |

**UNITED STATES TRUSTEE**
<u>**COMPLAINT TO DENY DISCHARGE**</u>

Mary Ida Townson, the United States Trustee for Region 21, hereby files this, her complaint objecting to entry of a discharge of Kenneth Ray Joyner ("Debtor" or "Defendant") in this case, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727(a)(4)(A) and (D) and, 727(a)(5) because (1) the Debtor transferred non-exempt assets within one year of filing his petition as a means of concealing that asset from creditors; (2) made numerous false oaths or omissions in his Schedules and Statement of Financial Affairs; (3) failed to adequately explain dissipation of assets and other transfers; and (4) failed to produce documents requested by the United States Trustee.  As grounds in support of this Complaint, the Plaintiff respectfully represents the following:

## I. JURISDICTION, VENUE & PARTIES

1. Jurisdiction over this adversary proceeding is predicated on 28 U.S.C. § 1334, 157; Fed. R. Bankr. P. 4004, 7001; 11 U.S.C. §§ 105(a), 727(a), and the Standing Order of Reference entered by the United States District Court for the Middle District of Florida.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

3. Venue is proper under 28 U.S.C. § 1409.

4. The Plaintiff is the United States Trustee for the judicial district of the Middle District of Florida, as appointed under 28 U.S.C. §581(a)(21) and has standing under 11 U.S.C. §§307 and 727(c) to bring this Complaint.

5. The Defendant is the Debtor in this bankruptcy case and is a resident of the State of Florida and presently resides at 18232 Leafmore Street, Lutz, FL 33548.

## II. GENERAL ALLEGATIONS

### A. Procedural History

6. The Plaintiff hereby adopts and incorporates in this paragraph each and every allegation set forth in paragraphs 1 through 5 by reference as if more fully set forth herein.

7. This Complaint is one arising in Bankruptcy Case 8:24-bk-4945-CPM, commenced as a chapter 7 case and presently pending in this Honorable Court as a chapter 7 case.

8. The Defendant commenced his voluntary chapter 7 case on August 22, 2024 (the "Petition Date").

9. The Defendant prepared and executed his Bankruptcy Schedules A-J, Statement of Financial Affairs, and lists, attesting under penalties of perjury that they were true and correct; and Debtor's Counsel electronically filed them contemporaneously with the commencement of the case (Bky Doc. 1).

10. The Chapter 7 trustee, Angela Welch, was appointed and is still serving in this case.

11. The Chapter 7 trustee is an officer of the bankruptcy estate charged with custody of property under title 11, United States Code.

12. The deadline to oppose discharge was first set for November 18, 2024.

13. The Court entered an *Order Granting Motion to Extend Time for Filing a Motion to Dismiss and for Filing a Complaint Objecting to Discharge*, extending the deadline through, and including December 27, 2022. (Bky. Doc.9).

**B. Debtor's Schedules, Statement of Financial Affairs, Income and Expenses**

14. The Defendant filed Schedules A-J (Bky. Doc. 1). The Defendant disclosed an interest in real property with a value of $650,000[1] and personal property with a value of $3,824.60.

---

[1] The Schedules indicated that at least one other person holds an interest in the real property scheduled.

15. The Defendant scheduled no secured debts and no priority debts. The Defendant scheduled unsecured claims in the amount of $416,602.00.[2]

16. The Defendant disclosed income on Schedule I solely consisting of Social Security benefits in the amount of $2,084.00.

17. The Defendant disclosed expenses on Schedule J in the amount of $1,780.00.

18. In the Statement of Financial Affairs, the Defendant disclosed that he had made no transfers of any property within the two years of the Petition Date.

19. The Defendant disclosed an interest in Innovative Vending, LLC ("Vending"), claiming he had held that interest as of January 1, 2021, but did not indicate any end date for his interest, or the amount of his ownership interest in Vending.

C. **Testimony Given under Penalty of Perjury**

*Testimony at Meeting of Creditors*

20. The Defendant attended and submitted to an examination under oath at the meeting of creditors (the "Meeting of Creditors") conducted in accordance with Section 341, title 11 United States Code on September 17, 2024.

21. The Defendant testified at the Meeting of Creditors that he had surrendered his interest in Vending in 2024, without consideration, which he stated was a minority interest.

---

[2] The debts listed by the Debtor were scheduled in his prior bankruptcy case, Case No. 8:20-bk-5354, which was dismissed without discharge on February 2, 2021.

22. The Defendant asserted that he transferred that interest because had not been contributing to the company and that it had been losing money for a few years.

23. The Defendant testified that he had not made any transfers of property in the two years preceding the Petition Date.

*Testimony at 2004 Examination*

24. The Defendant agreed to appear for a 2004 Examination under Fed.R.Bankr.P. 2004 (Bky. Doc. 11) and produced some, but not all the requested documents prior to appearing on December 17, 2024.

25. The Defendant testified at the 2004 Examination that he was the manager of Vending, that it was formed in 2020 and that he traveled on behalf of Vending to meet with clients through the Petition Date.

26. The Defendant testified at the 2004 Examination that reviewed and signed Vending's tax returns for the years of 2020 through 2023.

27. The Defendant testified at the 2004 Examination that Brandon Kuss, his unmarried partner and co-owner of the Defendant's residence, made payments towards the joint household expenses.

28. The Defendant testified that he used Vending's vehicles for personal use and that Vending paid certain personal expenses on his behalf.

### III. FACTUAL ALLEGATIONS

#### A.  Financially Sophisticated Debtor

29. Defendant is a financially sophisticated individual.

30. The Defendant previously filed a Chapter 7 Bankruptcy (Case No. 8:20-bk-05354-CPM (the "Joyner Prior Case")).

31. Defendant was a founding managing member of Vending, initially holding a 95% ownership interest, and has previously owned and operated other businesses.

32. The Defendant served as a manager to Vending through at least through December 2023; he testified that he actively worked with clients.

33. The Defendant was responsible for reviewing and signing tax returns for Vending.

#### B. False Oaths or Omissions, and Transfers.

34. In his Schedules, the Defendant failed to disclose that on January 1, 2024, within eight months of the Petition Date, he transferred his remaining ownership interest in Vending to Brandon Kuss, his business partner, for no consideration.[3]

35. The Defendant failed to disclose on Schedules I and J, any contribution from Brandon Kuss, the co-owner of the Debtor's principal real property asset, and unmarried partner towards the household expenses.[4]

---

[3] As of December 31, 2021, the Defendant held a 95% interest in Vending; by December 31, 2022, he held only a 17% interest.  As of December 31, 2023, the Defendant held a 17% ownership interest in Vending.
[4] In the Defendant's prior bankruptcy case, the United States Trustee also asserted that the Defendant had failed to disclose Mr. Kuss's contributions to the household on Schedules I and J.

36. The Defendant failed to disclose on the Statement of Financial Affairs the receipt of distributions from Vending in the amount of $7,839 for the tax year of 2023.

37. The Defendant failed to disclose on the Statement of Financial Affairs income in the form of expenses for the Defendant's personal use of Vending's vehicle(s), or for the payment of personal living expenses for 2022, 2023 and through the Petition Date in 2024 paid by Vending directly to or on behalf of the Defendant.

38. The Defendant failed to disclose on the Statement of Financial Affairs that Vending made loan repayments to him in the amounts of $18,426 in 2022 and $22,943 in 2023.

39. The Defendant failed to disclose on the Statement of Financial Affairs any salary, wages or commission received from Vending for 2024 through the Petition Date, or in 2023 or 2022.[5]

40. The Defendant testified at the Meeting of Creditors that he had surrendered his interest in Vending in 2024, asserting that he had not been contributing to the company and that it had been losing money for a few years.

41. The Defendant's testimony at the Meeting of Creditors was in part, false; the 2023 tax return produced by the Defendant showed that Vending had gross receipts of $2.2 million dollars and that its ordinary business income was $418,484.00.[6]

---

[5] Based upon the 2023 Vending tax return, the Defendant provided a substantial amount of his time to the Vending business.
[6] Based upon the Vending tax returns produced by the Defendant, Vending recorded net losses in 2020, 2021 and 2022.

42. The corporate bank statements produced by the Defendant showed that during 2024, through the Petition Date, Vending had deposits of $1.9 million.

43. The Defendant testified at the 2004 examination that he continued to work for Vending, including traveling to meet with clients and customers.

44. The Defendant testified at the 2004 examination that he used a vehicle listed on Vending's tax return for his personal use.

45. The Defendant testified at the 2004 examination that Vending made payments towards his personal expenses in 2022 and 2023.

46. The Defendant testified at the Meeting of Creditors that Vending started operations in 2021. This testimony was false. The Defendant produced documents evidencing that Vending commenced operations in 2020.

47. The Defendant was the manager and managing member and responsible for reviewing and signing tax returns as well as client facing meetings.

48. The Defendant has not filed any amendments to his Schedules or Statement of Financial Affairs.

49. Based on the Schedules, Statement of Financial Affairs, Meeting of Creditors, Rule 2004 Examination of the Defendant, and all the documents reviewed, an objection to the Defendant's discharge is appropriate.

### C. Events Leading up to the Bankruptcy Case

*The Defendant's prior bankruptcy case*

50. The Defendant previously filed the Joyner Prior Case on July 14, 2020.

51. On August 19, 2020, approximately thirty-five days later, the Defendant incorporated Vending as a managing member, holding a 95% ownership interest in Vending.

52. In the Joyner Prior Case, the United States Trustee filed a Motion to Dismiss Case Under 11 U.S.C. § 707(b)(1) and (3) with Prejudice and Bar on Refiling by the Debtor. (Joyner Prior Case Doc. 19), alleging, *inter alia*, that the Defendant (1) filed that case in bad faith; (2) accumulated secured debts totaling $434,698 and unsecured debts totaling at least $424,289 within one year of filing bankruptcy while unemployed; and (3) did so to support an opulent lifestyle with knowledge that he had no ability to repay the debts scheduled by the Defendant in the Joyner Prior Case.[7]

53. The United States Trustee conducted substantial discovery in the Joyner Prior Case, including issuing several subpoenas.

54. In the Joyner Prior Case, the Defendant admitted to owning a company named Innovative Services prior to moving to Florida.

55. The Defendant also admitted in the Joyner Prior Case to using the Innovative Services business account to purchase personal goods and services for repairs to a Florida residence in order to secure trade discounts.

56. On February 2, 2021, the Defendant, in connection with a civil enforcement investigation by the United States Trustee, executed an Agreed Order

---

[7] As set forth herein, substantially all the debt scheduled by the Defendant in his case represent the amounts scheduled in the Joyner Prior Case.

Dismissing Chapter 7 Case with a Two (2) Year Bar on Refiling by the Debtor (Joyner Prior Case Doc. 46). The Joyner Prior Case was dismissed without a discharge of any of the Defendant's scheduled debts.

*The Defendant's business activities post-dismissal of the Joyner Prior Case.*

57.    After the dismissal, the Defendant made limited efforts to satisfy the debts scheduled in the Joyner Prior Case.

58.    The Defendant testified at his 2004 examination taken in this case that at least one creditor issued a 1099-C Cancelation of Debt and that he made an agreement to pay at least one other creditor, although he could not provide any details as to which creditor received any payments.

59.    In 2021, the Defendant sold his homestead residence scheduled in the Joyner Prior Case, paid off the existing mortgages and purchased a new residence with the cash proceeds he received from the sale.[8]

60.    The Defendant listed no secured obligations in this case. The unsecured creditors in this case are substantially the same as those listed in the Joyner Prior Case.

61.    The Defendant admitted in this case that he was the Managing Member and Manager of Vending since its inception in 2020.

62.    The Defendant admitted that he performed services for Vending both while he was a Debtor in the Joyner Prior Case and after its dismissal.

---

[8] Brandon Kuss was the co-purchaser of the new residence.

63. The Defendant admitted in this case that even after he transferred his remaining ownership in Vending, a mere eight months before filing this current bankruptcy, he continued to provide services to Vending, including but not limited to traveling to meet with Vending's customers on behalf of Vending.

### D.  Other events and Reservation of Rights

64. As part of her investigation into the Defendant's acts, conduct, or property, liabilities and financial condition of the Defendant, the United States Trustee requested that the Defendant produce documents in 14 different categories related to his financial records and transactions for the period of 2021 through the date of the filing of the Notice of 2004 Examination (Bky. Doc. 11). The Defendant did not fully comply with the requests.

65. Specifically, the Defendant failed to produce all documents and records related to his transfer of 83% of his ownership interest in Vending to Brandon Kuss in 2021.

66. The Defendant failed to produce documents supporting Brandon Kuss's income and contributions he made to the household expenses of the Defendant and Mr. Kuss.

67. Further, the Defendant failed to produce requested documents detailing travel expenses claimed as business expense on the Vending on the 2022 and 2023 corporate tax returns or provide any documentation as to which expenses were travel related.

68. However, the documents the Defendant did produce in response to the request for details regarding travel related expenses of Vending demonstrated personal use of Vending credit cards by the Defendant.[9]

69. The United States Trustee reserves her right to raise additional facts and assert additional causes of action based on information obtained during the course of discovery.

**COUNT I**
**DENIAL OF DISCHARGE**
**PURSUANT TO 11 U.S.C. §727(a)(2)(A)**
**(Transfer of Assets)**

70. The Plaintiff hereby adopts and incorporates in this paragraph each and every factual allegation set forth in paragraphs 1 through 69 by reference as if more fully set forth herein.

71. This is an action objecting to the discharge of the Defendant pursuant to 11 U.S.C. § 727(a)(2)(A), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure

72. Defendant's discharge can be denied upon a showing, by preponderance of the evidence, that Defendant "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—(A) property of the debtor, within one year before

---

[9] The Defendant produced some credit card statements demonstrating that the Vending credit cards were used for personal expenses, including over $12,000 for home furnishings, purchase of luxury items, and cruises.

the date of the filing of the petition . . ." pursuant to 11 U.S.C. § 727(a)(2)(A).

73. The Defendant concealed the transfer of his remaining ownership interest in Vending on January 1, 2024 (within one year before the Petition Date), for no consideration at a time that Vending had gross receipts of $2.2 million and ordinary business income of over $418,000 as of December 31, 2023.

74. Said actions constitute grounds for denial of Defendant's discharge under 11 U.S.C. § 727(a)(2)(A).

## COUNT II
## DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. § 727(a)(4)(A)
### (False Oaths or Accounts)

75. The Plaintiff hereby adopts and incorporates in this paragraph each and every factual allegation set forth in paragraphs 1 through 74 by reference as if more fully set forth herein.

76. This is an action objecting to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(4)(A), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

77. Defendant's discharge can be denied upon a showing, by preponderance of the evidence, that Defendant "knowingly and fraudulently, in or in connection with the case—made a false oath or account" under 11 U.S.C. § 727(a)(4)(A).

78. Defendant made false statements under oath when he signed his Petition, Schedules, and Statement of Financial Affairs.

79. Defendant gave false testimony at his Meeting of Creditors and at the 2004 examination.

80. Each non-disclosure, as described in paragraphs 34 through 39, 41 and 46, constitutes knowing and fraudulent false oaths or accounts in connection with the case.

81. Said actions constitute grounds for denial of discharge under 11 U.S.C. § 727(a)(4)(A).

### Count III
### 11 U.S.C. § 727(a)(4)(D)
### (Withholding Information from the Trustee)

82. The Plaintiff realleges paragraphs 1 through 81 inclusive and incorporates them by reference.

83. This is an action objecting to the discharge of Defendant pursuant to 11 U.S.C. § 727(a)(4)(D), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

84. Each Defendant has a duty to fully and accurately complete all documents filed in the bankruptcy case, including the bankruptcy schedules and statements.

85. The Defendant failed to produce all documents and records related to his transfer of 83% of his ownership interest in Vending to Brandon Kuss in 2021.

86. The Defendant failed to produce all documents supporting the income and contributions made by Brandon Kuss to the household expenses of the Defendant and Mr. Kuss.

87. The Defendant failed to produce all documents detailing travel expenses for 2022 and 2023 reported on the Vending corporate tax returns.

88. Accordingly, Defendant's actions constitute grounds for denial of discharge 11 U.S.C. § 727(a)(4)(D).

**Count IV**
**11 U.S.C. § 727(a)(5)**
**(Failure to Satisfactorily Explain the Loss of Assets)**

89. The Plaintiff realleges paragraphs 1 through 88 inclusive and incorporate them by reference.

90. This is an action objecting to the discharge of the Defendants pursuant to 11 U.S.C. § 727(a)(5), Rules 4004(d) and 7001(4), Federal Rules of Bankruptcy Procedure.

91. Defendant failed to explain his transfer of his ownership interests in Vending without consideration at a time that Vending had gross receipts of $2.2 million and ordinary business income of over $418,000 as of December 31, 2023.

92. Defendant failed to explain the substantial services he provided to Vending during 2023 without salary or renumeration.

93. Accordingly, Defendant failed to satisfactorily explain the loss of assets.

## IV. RELIEF REQUESTED AND RESERVATION OF RIGHTS

WHEREFORE, the United States Trustee respectfully requests that the Court (i) enter a final judgment in favor of the United States Trustee and against Defendant, Kenneth Joyner, denying Defendant's discharge pursuant to:

 a. 11 U.S.C. § 727(a)(2)(A) as stated in Count I,
 b. 11 U.S.C. § 727(a)(4)(A) as stated in Count II,
 c. 11 U.S.C. § 727(a)(4)(D) as stated in Count as stated in Count III, and
 d. 11 U.S.C. § 727(a)(5) Vending; and

(ii) grant other such relief that the Court deems appropriate.

Dated: December 27, 2024

         Respectfully submitted,
         Mary Ida Townson
         U. S. TRUSTEE, REGION 21

    By:  /s/ Teresa M. Dorr (FL Bar # 48037)
        Trial Attorney
        U.S. Department of Justice
        Office of the U.S. Trustee, Region 21
        501 East Polk Street, Suite 1200
        Tampa, Florida 33602
        (813) 228-2000 / fax (813) 228-2303
        teresa.dorr@usdoj.gov